AO 102 (01/09) Application for a Tracking Warrant

Approved by Jason Harley on 2/11/25

# UNITED STATES DISTRICT COURT

for the

Western District of Oklahoma

In the Matter of the Tracking of
*(Identify the person to be tracked or describe the object or property to be used for tracking)*
A Silver Hyundai, bearing Oklahoma license plate NYJ-756, VIN KMHDU46D09U638354, located at 2419 SW 34th St, Oklahoma City, Oklahoma

Case No. M-25-107 -CMS

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of 21 U.S.C. § 841, 846. Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

- ☑ The person, property, or object is located in this district.
- ☐ The person, property, or object is not now located in this district, but will be at the time of execution.
- ☐ The activity in this district relates to domestic or international terrorism.
- ☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

- ☑ evidence of a crime;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:
A Silver Hyundai, bearing Oklahoma license plate NYJ-756, VIN KMHDU46D09U638354, located at 2419 SW 34th St, Oklahoma City, Oklahoma

☑ Delayed notice of 90 days (give exact ending date if more than 30 days: 06/26/2025) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

[signature]
*Applicant's signature*

Brook J. Wilson, Special Agent, DEA
*Applicant's printed name and title*

Sworn to before me and signed in my presence.

Date: 2/11/2025

[signature: Chris M. Stephens]
*Judge's signature*

City and state: Oklahoma City, Oklahoma

Christopher M. Stephens, U.S. Magistrate Judge
*Printed name and title*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **STATE OF OKLAHOMA** | ) | |
| | ) | **No. M-25-** 107 **-CMS** |
| **COUNTY OF OKLAHOMA** | ) | |

## AFFIVDAVIT IN SUPPORT OF AN APPLICATION FOR A TRACKING WARRANT

I, Brook J. Wilson, a Special Agent (SA) with the Drug Enforcement Administration, being duly sworn, depose and state:

## INTRODUCTION AND BACKGROUND

1. I make this Affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117 to authorize the installation and monitoring of a tracking device on a Silver Hyundai, bearing Oklahoma license plate NYJ-756, Vehicle Identification Number (VIN) KMHDU46D09U638354, registered to Debbie Tabers at 2620 N. Robinson Ave., Oklahoma City, Oklahoma (hereinafter referred to as the "**Subject Vehicle**") is being used to facilitate the distribution of controlled substances in violation of Title 21,United States Code, Sections 846, and 84l(a)(l).[1]

2. Based on the facts set forth in this Affidavit, I believe that the **Subject Vehicle** is presently being used in furtherance of the distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1), and a conspiracy to do the same, in violation of 21 U.S.C. § 846, and that there is probable cause to believe that the installation of a tracking

---

[1] There was also a secondary owner listed on the registration records - Deane Chansombat.

device on the **Subject Vehicle** and use of the tracking device will lead to evidence, fruits, and instrumentalities of the aforementioned crimes, as well as to the identification of individuals who are engaged in the commission of those and related crimes

3. I, Brook J. Wilson, am a Special Agent with the Drug Enforcement Administration ("DEA") currently assigned to the Oklahoma City, Oklahoma District Office. As such, I am an investigative and law enforcement officer of the United States authorized to conduct investigations of, and to make arrests and seizures for, offenses enumerated in the Controlled Substances Act, Title 21, United States Code.

4. During my employment in law enforcement, I have received training and conducted investigations related to illicit drugs and the distribution of illicit drugs in violation of Title 21, United States Code, Sections 841(a)(1), 843(b), 846, and others. I have participated in many aspects of drug investigations to include the following: undercover operations, surveillance, Title III investigations, search warrants, arrests, reviewing taped conversations and drug records, along with debriefing defendants, informants, and witnesses who had personal knowledge regarding major narcotics trafficking organizations.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, law enforcement officers, and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for a criminal complaint and does not set forth all my knowledge about this matter.

## PROBABLE CAUSE

6. On February 4, 2025, members of the DEA Oklahoma City District Office arranged to purchase a gram of fentanyl powder from Dandre Archer (ARCHER) via a DEA confidential source (CS) in a parking lot on the corner of SW 44th St. and S. Pennsylvania Ave., in Oklahoma City, Oklahoma. ARCHER was previously identified as a local fentanyl distributor who is being investigated for supplying Fentanyl that caused the death of Alisha McCoy in Del City, Oklahoma during July of 2024.

7. At approximately 1:00 p.m., the CS texted ARCHER at phone number 405-500-5128 and the two arranged the Fentanyl transaction for $160.00. ARCHER instructed the CS to park near the Payless Thrift Store located at 4640 S. Pennsylvania Ave., Oklahoma City, Oklahoma. DEA agents and officers were conducting surveillance prior to the transaction, and they observed the CS park where he was told and then ARCHER walked to CS's vehicle and got in the front passenger seat. Agents were electronically monitoring the conversation between ARCHER and the CS, and they heard ARCHER tell the CS that he/she should be careful with Fentanyl. ARCHER took the money, gave the CS the Fentanyl powder, and then exited the vehicle.

8. Once the transaction was completed, ARCHER got into the **Subject Vehicle** and departed the area. The surveillance teams identified Randy Chansombat as the likely driver of the **Subject Vehicle**. Additionally, investigators have reviewed ARCHER's cell phone tolls and CashApp records confirmed that Mr. Chansombat is an associate of ARCHER. Once ARCHER departed the area in the **Subject Vehicle**, the investigators maintained surveillance on the **Subject Vehicle**. Based on my training and experience, the

**Subject Vehicle** was clearly conducting "heat runs" because it circled the adjacent streets before proceeding to the route it eventually took to reach 1569 SW 44th St., Oklahoma City, Oklahoma, where the vehicle parked.[2] At that time, investigators terminated surveillance.

9. On February 5, 2025, the CS, at the direction of investigators, contacted ARCHER and requested to purchase an ounce of fentanyl. ARCHER informed the CS that he could provide the ounce of fentanyl for approximately $1,400.00 to $1,500.00. The CS then arranged to purchase the additional fentanyl the following week. If this request for a warrant is approved, investigators hope to have the tracking device installed before the controlled purchase.

10. Based on the foregoing, your Affiant believes that ARCHER is utilizing the **Subject Vehicle** to transport controlled substances, including fentanyl, and uses the **Subject Vehicle** to travel to locations where he meets customers. If a GPS tracking device were to be installed on the **Subject Vehicle**, it would help identify several facets of the fentanyl distribution network that ARCHER is involved in. For example, a tracking device on the **Subject Vehicle** would help law enforcement learn the other locations ARCHER may be selling fentanyl at and help identify his source of supply and other customers.

11. To help ensure the safety of the executing law enforcement officer(s) and to avoid premature disclosure of the investigation, it is requested that the Court authorize law enforcement officers to apply the tracking device, perform maintenance on the tracking device, and/or remove the tracking device during both daytime and nighttime hours. The

---

2 "Heat Runs" are when a vehicle drives in circles, alternating speeds and often doubling back in order to better observe if it is being followed by law enforcement.

**Subject Vehicle** appears to be primarily kept at 2419 SW 34th St., Oklahoma City, Oklahoma and was last documented there on February 5, 2025, when the vehicle stayed overnight.[3] Since the vehicle is primarily parked in an area highly populated with other residences, law enforcement's odds of being discovered while installing a tracking device during daytime hours is significant.

12. In the event the Court grants this application, there will be periodic monitoring of the tracking device during both daytime and nighttime hours for a period of 45 days following installation of the device. The tracking device may produce signals from inside private garages or other such locations that are not open to public or visual surveillance

## AUTHORIZATION REQUEST

13. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117, that authorizes members of the FBI or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install a tracking device on the **Subject Vehicle** within the Western District of Oklahoma within the ten (10) days of issuance of the proposed warrant, to maintain, repair, and/or replace the tracking device as necessary, and to remove the tracking device from the **Subject Vehicle** after the use of the tracking device has ended,

---

[3] I believe this is a residence where Mr. Randy Chansombat stays because I have seen that vehicle stay overnight at this location on more than one occasion. Further, Mr. Archer does not have a vehicle, and is forced to use Mr. Chansombat to drive him to transactions.

and to monitor the tracking device for a period of 45 days following the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the Western District of Oklahoma.

14. In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I further request that the warrant delay notification of the execution of the warrant for 90 days after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705. This is an ongoing investigation that involves several subjects. It is anticipated that this investigation may continue for several additional months. Providing immediate notice would seriously jeopardize the ongoing investigation by prematurely revealing its existence and giving suspects an opportunity to flee from prosecution, destroy or tamper with evidence, intimidate potential witnesses, notify confederates, and change patterns of behavior.

**FURTHER THE AFFIANT SAYETH NOT.**

BROOK WILSON
Special Agent
Drug Enforcement Administration

Subscribed and sworn to me this 11th day of February, 2025.

CHRISTOPHER M. STEPHENS
UNITED STATES MAGISTRATE JUDGE